IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-50017

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA BARRON-BANDA,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(DR-99-CR-325-2)

---

March 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Maria Barron-Banda appeals from a judgment entered after a jury convicted her of conspiracy to transport illegal aliens. Barron-Banda argues that the government presented insufficient evidence to prove that she was part of a conspiracy and that the prosecutor's reference in his closing argument to extra-record evidence deprived her of a fair trial.

I

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Barron-Banda argues that the evidence was insufficient to establish the existence of an agreement to transport illegal aliens between between Barron-Banda and anyone else. In assessing the sufficiency of the evidence, this court views the evidence, and all reasonable inferences that may be drawn from it, in the light most favorable to the jury verdict, and then decides whether a rational trier of fact could have found each essential element of the offense beyond a reasonable doubt.[1] We have reviewed the entire trial record, and find that the evidence, although not overwhelming, was sufficient for a rational jury to conclude beyond a reasonable doubt that Barron-Banda and her husband had conspired together.

Her husband was traveling with her when the Border Patrol spotted them. When they pulled over, and a Border Patrol officer stopped and questioned them, Barron-Banda and her husband gave conflicting stories, and the officer testified that her husband's story was false.[2] A rational jury could conclude that the husband would only fabricate a story if he was knowingly involved in the transportation of aliens with his wife. At trial, Barron-Banda offered no plausible, competent explanation for his conduct. Also, another agent testified at trial that Barron-Banda had admitted to "them coming down to Mexico, to pick up illegal aliens"—referring

---

[1] *United States v. Prieto-Tejas*, 779 F.2d 1098, 1101 (5th Cir. 1986).

[2] The officer testified that her husband claimed to be looking for deer to hunt, but that at the time of the stop, it was not deer season.

to herself and another person.  There is thus sufficient evidence of conspiracy.

## II

Barron-Banda also argues that the prosecutor deprived her of a fair trial by referring to evidence not presented at trial. Barron-Banda did not object to the prosecutor's statements, so we review for plain error only.  Barron-Banda must show (1) an error, (2) that is "plain," "clear," or "obvious," (3) that affected her substantial rights.[3]  When these three elements are satisfied, a court should correct plain error when the error "seriously affect[s] the fairness, integrity, or reputation of judicial proceedings."[4]  In the context of the record as a whole, the prosecutor's reference to extra-record evidence does not rise to the level of plain error.  Barron-Banda has not shown that the claimed error was "plain," nor did the error seriously affect the fairness, integrity, or reputation of judicial proceedings.

The prosecutor's reference to other evidence was a response to the defense argument that the various overt acts charged in the indictment of Barron-Banda and her husband were never proved to the jury.  The prosecutor's point was that since only Barron-Banda was

---

[3] *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

[4] *United States v. Young*, 470 U.S. 1, 15 (1985).

on trial, "only the evidence necessary against her" was presented.[5] Thus, it is not even clear that the prosecutor was referring to extra-record evidence against Barron-Banda; he may have been defending the omissions identified by the defense by claiming that the evidence not presented to the jury was not evidence relevant to Barron-Banda. Of course, evidence useful against others might also have been useful against Barron-Banda; but whether the prosecutor's statement refers to extra-record evidence against Barron-Banda is not "plain" or "obvious." Further, given that the prosecutor was responding to the defense's argument and that the court specifically instructed the jury to consider only the evidence presented, we cannot conclude that the prosecutor's statements seriously affected the fairness of the trial.

III

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[5] The prosecutor stated, "You noticed there wasn't anyone else on trial here yesterday and today. Just her. And so, we limited and we present only the evidence necessary against her. And, ladies and gentlemen, that's where all the other evidence is. She's the one on trial, and that's the evidence against her."